NAGEL, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, February 16, 1904.

1. **STREET RAILWAYS: Evidence: Vigilant Watch Ordinance.** In an action against a street railway company for damages caused by a collision of defendant's car with plaintiff's wagon, a vigilant watch ordinance of the city may be introduced without first proving that defendant had contracted with the city to abide by its terms.

2. ———: ———: **Inconsistent Instructions.** Appellant can not complain that the instructions are inconsistent where they properly submit the opposing theories of the parties, and the inconsistency, if any, was invited by appellant.

3. **EVIDENCE: Impeaching Witness.** When it is proposed to discredit a witness by proof of prior contradictory statements, a foundation must first be laid by showing the time, place, etc., and giving the witness an opportunity to explain.

4. ———: ———: **Affidavit for Continuance.** Under section 687, Revised Statutes of 1899, where an affidavit for a continuance on account of an absent witness sets out what he would swear to, and is introduced as the evidence of such witness, it is competent to impeach the testimony by showing that the witness has made statements which contradict it, and this without laying any foundation.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Kiskaddon & Matthews* for appellant.

(1) The ordinance when offered was competent, and could not be objected to by defendant, for the reason that its acceptance was pleaded. But plaintiff failed to follow the proof of the ordinance with evidence of its acceptance. Therefore, instructions predicated on the ordinance were erroneous. Holwerson v. Railroad, 157 Mo. 216; Day v. Railroad, 81 Mo. App. 471; Anderson v. Railroad, 161 Mo. 411; Sanders v. Railroad, 147 Mo. 411; Schmidt v. Railroad, 163 Mo. 645. (2) The obligation of ordinary care on the defendant's part in such case only begins when he has knowledge of plaintiff's dangerous position, or such notice of it as would put a person of ordinary prudence on his guard, or he may be negligent if he willfully or wantonly conducts himself in such a way as to demonstrate a reckless carelessness of the persons of those who may be in a dangerous position. Kellny v. Railroad, 101 Mo. 67; Strauss v. Railroad, 75 Mo. 185; Hunt v. Railroad, 94 Mo. 255; Morgan v. Railroad, 159 Mo.; Klockenbrink v. Railroad, 81 Mo. App. 351; 3 Elliott on Railroads, sec. 1175; Beach on Cont. Neg. (3 Ed.), secs. 54, 55, 62, 64; Shear. & Red. on Neg. (5 Ed.), sec. 64. (3) The defendant read in evidence the deposition of John Huggins. The plaintiff introduced a witness, Ida Helker, who testified that at some other time and place Huggins had made statements in relation to the collision in which plaintiff claimed he was injured, directly contradictory of the statements in the deposition. To this defendant objected on the ground that plaintiff had not laid the proper foundation for the introduction of such evidence. This objection the court overruled, defendant excepting. This ruling was erroneous. Gregory v. Cheatham, 36 Mo. 155; Spohn v. Railroad, 116 Mo. 617; State v. Grant, 79 Mo. 113; McDermott v. Railroad, 87 Mo. 285. (4) The two instructions given by the court of its own mo-

tion are inconsistent with the instruction No. 4 given by the court at the instance of plaintiff. The two instructions given by the court instruct the jury that if plaintiff was guilty of contributory negligence he can in no event recover, while instruction No. 4 instructs the jury that if he was guilty of contributory negligence he may under some circumstances recover. Such instructions are contradictory, repugnant and inconsistent, and, for that reason, erroneous. Price v. Railroad, 77 Mo. 508; Stone v. Hunt, 94 Mo. 475; Schneer v. Lemp, 17 Mo. 142; Stevenson v. Hancock, 72 Mo. 612; Jersey Farm Dairy Co. v. Railroad, 103 Mo. App. 90.

*Wm. L. Bohnenkamp* for respondent.

(1) The ordinance in question under this point of appellant's brief was competent evidence, even though its acceptance by appellant was not proven. That the ordinance may be offered in evidence without proving its acceptance by defendant, is declared to be the law by both this court and the Supreme Court of this State in the following recent cases: Gebhardt v. Railroad, 97 Mo. App. 373; Jackson v. Railroad, 157 Mo. 621; Riska v. Railroad (not yet reported); Wendler v. Peoples House Furnishing Co., 165 Mo. 527. (2) The "vigilant watch ordinance" requires no greater care than ordinary care at common law, and therefore, and for the other reasons given, appellant's objection to the giving of this instruction is altogether without merit. Conrad Grocer Co. v. Railroad, 89 Mo. App. 391. (3) The court did not err in permitting the witness, Ida Helker, to testify that the absent witness, Huggins, had made statements contradictory to those set out in appellant's affidavit for a continuance, because section 687, Revised Statutes 1899, expressly says that the opposite party may disprove the statements of such absent witness, or prove contradictory statements made by such absent witness in relation to the matter in issue and on trial. That

the ruling of the trial court in this matter is not erroneous is supported by two recent decisions by this court: Freeman v. Railroad, 95 Mo. App. 95; Ely Walker Dry Goods Co. v. Mansur, 87 Mo. App. 105; State v. Miller, 67 Mo. 604; State v. Mann, 83 Mo. 589.   (4)   Instruction No. 4, given at the request of plaintiff, declares the law correctly, and it is so well settled in this State that it requires no citations; then, if we concede for the sake of argument that the other two instructions are inconsistent with No. 4, and therefore erroneous, appellant can not now complain of this error, because the two instructions complained of were given at the request of the defendant, and the error, if error, was invited by defendant. This principle of law is well settled. Christian v. Ins. Co., 143 Mo. 460; Baker v. Railroad, 122 Mo. 533.

### STATEMENT.

Action for personal injuries sustained by plaintiff while driving a single-horse milk wagon southwardly on Broadway, from rear end collision with south-bound car of defendant about one hundred and fifty feet north of Prairie avenue, in the city of St. Louis. The evidence revealed that about a quarter before three o'clock Sunday morning, June 8, 1902, plaintiff drove from Talcott avenue, an intersecting street, upon Broadway and proceeded southwardly on the western track of defendant's double-track electric railway; on the western side of the street beyond the tracks, the roadway between Prairie avenue and Desoto avenue was obstructed by sewer excavations indicated by red lights.   The morning was cloudy and misting, the rails damp, and day just breaking, the street lamps being still lighted about the scene of the casualty.   He had driven about a block and a half when the wagon was struck by a so-called owl or night car from behind, the horse killed, the vehicle wrecked and plaintiff injured.   The assignments of

negligence made in the petition were that defendant's servant, the motorman, in charge of the car, saw, or by the exercise of ordinary care could have seen, plaintiff and his wagon in a position of peril, and by exercise of ordinary care could have stopped the car or sufficiently reduced the speed in time to avoid injuring plaintiff, and and that the negligent failure of such motorman to use ordinary care to discover plaintiff and his wagon, in a position of peril and after he saw him in such position, or by the exercise of ordinary care would have seen him, his negligent failure to use ordinary care to slacken the speed of or stop the car, and negligent failure to discover plaintiff and sufficiently slacken the speed of such car and stop it, directly contributed to the injury to plaintiff; a further charge of negligence was made based on the so-called "vigilant watch" ordinance of the city of St. Louis, a violation of which was alleged. For its defense, defendant pleaded a general denial with accusation of contributory negligence on plaintiff's part in going upon or near the track in front of a moving car, at a time and place, when and where he might have seen and heard the approaching car, but failed to look or listen for such car, and was injured in consequence. The testimony was in conflict, whether the colliding car had a headlight and whether the gong thereon was sounded until the accident was imminent; whether plaintiff had been continuously in the track, or turned into the path of the car and thereby was struck, was also the subject of opposing testimony of various witnesses. It was shown, however, by testimony offered on behalf of defendant that the car was moving at a rapid rate of speed and ran about eighty feet after the impact with plaintiff's wagon.

REYBURN, J. (after stating the facts as above.) — 1.  The court is confronted at the outset with a strenuous renewal of a discussion, which was supposed to have received its obituary both from the Supreme Court and

from this tribunal in compliance with its constitutional obligation to the superior court, namely, that before the vigilant watch ordinance of the city of St. Louis could be properly admitted in evidence, proof of the allegation that defendant had contracted with the city to accept its provisions and abide by its terms must be introduced. The point sought to be revived is not properly preserved for review in this court, for the ordinance was permitted to be offered in evidence without objection thereto, but regarding the contention, that if objection had been duly made and exception to its admission properly saved, the objection would have been unavailing: the Supreme Court, in the late case of Riska v. Union Depot Railroad Company, has reiterated the ruling contained in the final preceding decisions, as well as approving the last opinion of this court to the same effect, and being not yet reported in print, the text may be quoted:

"Another objection urged against this instruction is that no proof was offered that the defendant was in any manner bound by the ordinances read in evidence.

"The violation of these ordinances was not only admitted by defendant, but there was evidence tending to show that but for such violation the deceased would have had ample time to cross the tracks without injury.

"The position of defendant upon this question is, that there must have been an acceptance by defendant company of this ordinance which is generally known as the 'vigilant watch' ordinance, in the absence of the proof of which its provisions are not binding upon defendant company. The ordinance is simply a police regulation for the protection of the lives and property of the citizens, which the city clearly had the right to pass, and which like all other ordinances of a similar character, are not necessarily contractual, but are binding upon all corporations which come within their provisions regardless of the fact of their non-acceptance by such corporations. While the same ordinance was not

passed upon by this court in either the cases of Jackson v. K. C., Ft. S. & M. R'y Co., 157 Mo. 621; Hutchinson v. Mo. Pac. R'y Co., 161 Mo. 246; Weller v. C., M. & St. P. R'y Co., 164 Mo. 180, ordinances of similar character were, that in regulating the speed of cars in cities, and it was held in all of them that such ordinances were binding on railroad and street railroad companies, whether their provisions were accepted by them or not. In an able and exhaustive opinion by Judge BLAND, of The St. Louis Court of Appeals, in the case of Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373, 71 S. W. 448, in passing upon a similar ordinance it was held, that it was a police regulation conferring a right of action on a party injured in consequence of a violation of it, without any allegation or proof that the ordinance had been accepted by the street car company.

"The same rule has been subsequently re-affirmed by that court in Meyers v. St. Louis Transit Company, 73 S. W. 379, 99 Mo. App. 363, and in Septowsky v. St. Louis Transit Company, 76 S. W. 693, and can no longer be regarded as an open question in this State."

2.    The court below transgressed no legal principle in embodying a special application and definition of the term "ordinary care" in reference to the language of the ordinance in the instruction given of its own motion. Appellant was at liberty to submit to the court any legal interpretation of this legal phrase, if it deemed it essential that the jury should have been further instructed in that direction.    The construction of the "vigilant watch" ordinance has been announced by this court and appellant's stricture of the charge to the jury in this respect is without foundation.    Gebhardt v. Railroad, 97 Mo. App. 373.

3.    The criticism of the action of the lower court respecting other instructions is also devoid of foundation.    The instructions censured, as being at war and inconsistent with each other properly and carefully submit the opposing theories of the parties litigant, respect-

the effect of contributory negligence on part of plaintiff; and if these instructions in any degree were in conflict with each other, which has not been made apparent, the error was of appellant's invitation as with slight modification by the court, they were submitted on its behalf. Christian v. Ins. Co., 143 Mo. 460.

4. The only assignment of error in this record, which at its introduction bore an unfamiliar and uncertain appearence, originated from the admission of the testimony of a witness admitted in rebuttal. An affidavit for continuance on account of absence of a witness, embodying the particular facts expected to be proven by him, was introduced as the evidence of such witness; for purpose of impeachment, the stepdaughter of such absent witness was offered by plaintiff, and permitted to testify that on the same morning he had described to her the collision, and in such narrative had made statements of substantial details attending it, directly contradictory of and conflicting with the recitals in the affidavit read in evidence. The insurmountable difficulties attending the laying of any foundation, preliminary to introduction of such discrediting testimony, are at once manifest, for no opportunity whatever is afforded for directing the attention of the non-attending witness to the statements intended to be impugned, which is strongly illustrated in the present instance, when the location of the absent witness appeared unknown even to members of his family. The law is well established that when it is proposed to discredit a witness by proof of prior contradictory statements, as a foundation to justify the reception of such evidence, the witness must be first interrogated as to time, place and persons of such varying statements; the reason for such rule being found in a spirit of fairness and justice to the witness, whose testimony is sought to be undermined, to afford him an opportunity to refresh his memory and to make such further explanatory or reconciling avowals as he may consider essential. Spohn

v. Railway, 116 Mo. 617.   With such rigor has the doctrine been enforced, requiring a fair opportunity to be offered a witness to explain or reconcile statements out of court apparently conflicting with declarations in evidence, that in instance of a letter written by a witness after his deposition had been taken, proposed to be used for impeachment, it was held in an early case, the deposing witness should be re-examined by new commission, and his attention directed thereto before such use would be tolerated.   Gregory v. Cheatham, 36 Mo. 155; State v. Grant, 79 Mo. 113.   The section of the statute, permitting such affidavits to be conditionally employed in lieu of formal testimony of absent witnesses, provides that the opposite party may disprove the facts disclosed, or prove any contradictory statements made by such absent witness in relation to the matter in issue and on trial.   R. S. 1899, sec. 687.   By act approved February 17, 1875, the twenty-eighth General Assembly of the State of Missouri amended section 9, article 9, chapter 169, Wagner's Statutes, and added this clause permitting the opposite party to disprove the facts revealed or prove any contradictory statements of such absent witness.   Laws of Missouri, 1875, p. 104.

In the case of State v. Miller, 67 Mo. 604, the effect of this act was before the Supreme Court, and it was held that the allegations contained in an affidavit for continuance, read as testimony of the non-attendant witness, might be attacked and controverted without foundation as expressly authorized by the statute.   In Ely Walker Dry Goods Company v. Mansur, 87 Mo. App. 105, the authorities are industriously collated and reviewed elaborately in discussing the purpose and effect of section 3149, R. S. 1899, permitting competent evidence preserved in a bill of exceptions to be used with same effect, as if in form of a deposition in the cause, subject to the condition that the opposing party may offer proof of any matters contradictory as though

such witness were present and had testified in person, and the conclusion reached, that any foundation for introduction of such impeaching testimony was dispensed with. In principle this case presented the question here involved, and the admirable reasoning leading to and upholding the decision therein announced, is as forcible and decisive in its application to the proposition presented in this case though springing from another section of the statutes.

This record demonstrates that this case was tried with characteristic care and without reversible error therein, the judgment finds abundant support in the testimony and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.