VALLEROY, Respondent, v. KNIGHTS OF COLUMBUS, Appellant.

St. Louis Court of Appeals, argued January 25, 1909, opinion filed February 23, 1909.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: False Statements in Application for Membership: Warranties. Representations made by an applicant for membership in a fraternal beneficiary association are warranties in this State and when false avoid the policy issued thereon whether the matters misrepresented contribute to produce death or not.

2. ———: ———: Corporations Organized in Foreign State. Where a fraternal beneficiary society is organized under the laws of another State its charter and laws will be given their natural effect unless shown to be inconsistent with the laws of the State under which it was organized.

3. EVIDENCE: Admissions: Practice. The deposition of a party to a suit may be introduced in evidence as an admission, although the party is present in court at the trial.

4. ———: Witnesses: Privilege. Where a trial court carefully inquired into whether the testimony of a physician offered by a party was privileged, its ruling upon the subject will not be disturbed by the appellate court.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Chas. A. Killian,* Judge.

REVERSED AND REMANDED.

*John M. Cleary* and *Peter H. Huck* for appellant.

(1) The court erred in overruling appellant's demurrer to all the evidence. McDermott v. Modern Woodmen, 97 Mo. App. 636; R. S. 1899, sec. 1408; Loyd

v. Modern Woodmen, 113 Mo. App. 19; Modern Wood-
men v. Angle, 127 Mo. App. 111; Westermann v.
Knights of Pythias, 196 Mo. 731. (2) The court erred in
excluding the evidence of Doctors Keller, Steele and
Blankmeyer.   Chandla v. Transit Co., 112 S. W. 249;
Lurz v. Insurance Co., 8 Mo. App. 363; Green v. Rail-
way Assn., 109 S. W. 715; Gartside v. Insurance Co.,
76   Mo.   452;   Weitz   v.   Railway,   53   Mo.   App.
39.   (3) · The court erred in excluding the deposition
of the respondent offered by the appellant to show her
admissions.   Schmitz v. Railway, 119 Mo. 271; Bogie
v. Nolan, 96 Mo. 91; Pomeroy v. Benton, 77 Mo. 82;
Kritzer v. Smith, 21 Mo. 296; Charleson v. Hunt, 27
Mo. 34; State ex rel. v. Bank, 80 Mo. 626.

*T. B. Whitledge* and *C. J. Stanton* for respondent.

(1)   Appellant's demurrer offered at the close of
respondent's case was properly overruled.   The issu-
ance of the policy sued on, to Emile J. Valleroy, de-
ceased, by appellant; that respondent is the widow of
the said Emile J. Valleroy and the beneficiary in said
policy; the death of Emile J. Valleroy in January,
1907; his membership in good standing in appellant or-
ganization at the time of his death; proof to appellant
of his death, as required; demand upon appellant for
payment of policy, and appellant's refusal are facts
shown by respondent, making for her a prima facie case.
Mulroy v. Knights of Honor, 28 Mo. App. 463; Sum-
mers v. Insurance Co., 90 Mo. App. 696; Chadwick v.
Order Trip. Alliance, 56 Mo. App. 474; Forse v. Su-
preme L. K. of Honor, 41 Mo. App. 177; Heffernan v.
Supreme C. Am. L. of Honor, 40 Mo. App. 609; Stewart
v. Supreme C. Am. L. of Honor, 36 Mo. App. 329.   (2)
The court did not err in overruling appellant's demur-
rer to all the evidence.   Bryan v. Weir, 4 Mo. 116;
McAfee v. Ryan, 11 Mo. 364; Gregory v. Chambers, 78
Mo. 294; Jefferson v. Life Ins. Co., 69 Mo. App. 133;

Wolf v. Campbell, 110 Mo. 114; Houston v. Tyler, 36 S. W. Rep. 654. (3) It is for the jury to pass upon the weight of the evidence. The constitutional right of every citizen is, when he has offered any substantial evidence tending to prove his case or defense; that the probative force of his evidence shall be passed upon by the jury. Richey v. Burnes, 83 Mo. 364; Wolf v. Campbell, 110 Mo. 114; Hirsch v. Lodge, 79 Mo. 358; Ladd v. Williams, 104 Mo. App. 390.

REYNOLDS, P. J.—This is an action upon an insurance membership certificate issued by the Knights of Columbus, through one of its subordinate councils to Emile J. Valleroy, under which the appellant contracted to pay to Grace Valleroy, then the wife, now the widow of Emile, upon the death of Emile, a sum not exceeding $200, "in accordance with and under the provisions of the laws of the Knights of Columbus governing such payments."

The appellant is organized and incorporated as a fraternal beneficiary association under the laws of Connecticut, having subordinate councils in this State, of which the council of which Emile Valleroy was a member is one, and is now and in the years 1906 and 1907 was authorized to do business in this State.

The defense relied on was that Valleroy had made false and untrue answers in his application for membership and that such answers constituting warranties, vitiated the contract of insurance set out in the membership certificate. The questions and answers counted on were set out in the answer upon which the case was tried, and are as follows:

"No. 5. Have you ever had any severe illness? A. No. Q. Or injury? A. No.

"No. 6. Q. State when, give particulars and name and address of your attending physician? A. ———.

"No. 9. Have you ever had any of the following

diseases: (e) chronic or persistent cough or hoarseness or spitting or coughing of blood, asthma, shortness of breath or any chest or lung disease? A. No.

"No. 16. Are you now in sound health? A. Yes.

"No. 17. When were you last attended by a physician? A. 1904. Q. For what ailment? A. Bad cold.

"No. 21. Is there anything to your knowledge or belief in your physical condition, family or personal history or habits tending to shorten your life, which is not distinctly set forth above? A. No."

There was a verdict and judgment for plaintiff from which defendant has duly prosecuted its appeal.

In the argument of the case before us counsel for appellant contended for a reversal. Counsel for respondent admitted that the case should be reversed, but contended that it should be remanded for a new trial. This was contested by counsel for appellant, so that the matter for our decision here is, should the case be remanded.

The confessed error is in the instruction given to the jury at the instance of plaintiff, in which the jury were told to find for plaintiff "unless you shall find from the evidence that the execution of said policy was procured by said Emile J. Valleroy by misrepresentations made by him to defendant or its agent of matters which actually contributed to the cause of his death. And the court further instructs you that no misrepresentations in securing said policy of insurance are material or sufficient to avoid said policy, unless it shall be shown by the evidence that the matters misrepresented actually contributed to produce the death of the said Emile J. Valleroy." That this was error when applied to benevolent associations not organized under or subject to the insurance statutes of our State has become the recognized rule of decision, as it is also the

135 App—37

law of our State. [R. S. 1899, sec. 1408; Westerman v. Supreme Lodge K. of P., 196 Mo. 680; McDermott v. Modern Woodmen, etc., 97 Mo. App. 636; Modern Woodmen v. Angle, 127 Mo. App. 94.] The answers on which the case turns are, under our decisions, warranties. The trial court should have by proper instructions submitted the question of their truth or falsity to the jury, unqualified by any direction as to whether the matters inquired of in the questions contributed to the death of the insured.

That is the law in our State as to all contracts of this class. The appellant is incorporated under the laws of the State of Connecticut; it is provided in its charter, given in evidence, that it "shall make no laws, by-laws, rules or regulations which shall be inconsistent with the laws of this State" (Connecticut), and there is no suggestion that to make truthful answers to the questions, which the order has made as a prerequisite to the membership in it, of the very essence of the contract, are against the laws of Connecticut; that is to say, there is no suggestion that under the laws of Connecticut, the order had no power to make them warranties and of the essence of the contract. It seems that in the case of these mutual associations, we may look to the law of their home State for the effect to be given to their contracts. [Masonic Ben. Ass'n v. Bunch, 109 Mo. 560.]

As this case will probably have to be retried, we add that we think that the learned trial judge was in error in excluding the deposition of Mrs. Valleroy, taken and filed in the case, even though she was present in court at this trial. It should have been received, not as a deposition, but as an admission, as declarations made by a party to the suit. [Bogie v. Nolan, 96 Mo. 86; State ex rel. Goldsoll v. Chatham Nat'l Bk., 80 Mo. 626 l. c. 633; and cases there cited; Schmitz v. St. L., I. M. & Southern Ry. Co., 119 Mo. 256 l. c. 271.]

We do not consider the exclusion of the testimony or depositions of the physicians reversible error. The fact, it appears, as to whether the testimony offered was within privilege, was carefully and fully inquired into by the court. We are not disposed to interfere with his action, as he had a great advantage over us in arriving at the determination of it.

The cause is reversed and remanded, all concurring.