CLARA B. HOAGLAND, Respondent, v. MODERN WOODMEN OF AMERICA, Appellant.

St. Louis Court of Appeals, May 2, 1911.

1. **EVIDENCE: Witnesses: Impeaching Witness: Necessity of Laying Foundation.** ˙ Where it is proposed to discredit a witness by proof of prior self-contradictory statements, a foundation must first be laid by asking the witness, while on the stand, whether he made the statement which it is intended to prove against him, mentioning ˌthe time, place, etc., and giving him an opportunity to explain.

2. ——: ——: ——: **Bias: Necessity of Laying Foundation.** Where it is sought to impeach a witness by using former utterances indicating bias, a foundation must first be laid for them as in the case of impeachment by prior self-contradictory statements.

3. ——: ——: ——: ——: ——: **Prejudicial Error.** In an action on an insurance policy, where the defense· was made that insured had made certain. false statements in his application, such statements being warranties, it was prejudicial error to allow the plaintiff to introduce in evidence, without laying the proper foundation therefor, prior statements of one of defendant's witnesses, showing bias on his part against the insured, where ·such witness gave the only testimony of any value for defendant, tending to prove the falsity of the insured's statements.

4. **FRATERNAL BENEFICIARY ASSOCIATIONS: Warranties.** Answers, in an application for life insurance· in· a fraternal beneficiary association, that the insured .abstained entirely from the use of intoxicating liquors and had always been a total abstainer and that he had never had paralysis, are warranties. ˙

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*Benj. D. Smith, Chas. K. Hart* and *B. E. Bigger* for appellant.

It is well settled that before an impeaching witness can be called to prove that another witness made statements or declarations indicating bias, a proper foundation must be laid by giving said witness an opportunity to deny or explain away such supposed utterance indicating bias, before the testimony of the impeaching witness can be heard. Weaver v. Traylor, 5 Ala. 564; Baker v. Joseph, 16 Cal. 117; State v. Deputy, 3 Pa. 19; Blanchard v. Blanchard, 191 Ill. 450; State v. Goodbier, 48 La. An. 770; Newcomb v. State, 37 Miss. 383; Davis v. State, 51 Neb. 301; People v. Brook, 131 N. Y.. 325; Burnett v. Railroad, 120 N. C. 517; State v. Brown, 28 Ore. 147.

*Charles E. Rendlen* for respondent.

CAULFIELD, J.—Suit by the widow of Singleton G. Hoagland, as beneficiary in a benefit certificate issued to her husband by the defendant, a fraternal beneficiary association, on or about December 11, 1905. The insured died on February 26, 1907. The plaintiff had judgment for the full amount of the certificate and interest and defendant has appealed.

As an affirmative defense, the defendant in its answer alleged the falsity of certain statements made and warranted to be true by the insured in his application, which formed part of the contract of insurance.

We find it necessary to mention only two of these statements, i. e.: (1) That the insured abstained entirely from the use of intoxicating liquors and had always been a total abstainer; (2) That he had never had paralysis.

To prove that these representations were false, the defendant introduced one Larry Ryan as a witness, who testified on behalf of the defendant, in effect, that the insured had worked for him, and while doing so drank considerably and had been under the influence of liquor at times. Ryan also gave testimony tending to prove that the insured had had paralysis. On cross-examination he stated that he had discharged the insured on account of drunkenness, and denied that the insured had quit because of inadequate wages and that he tried to re-hire him. Ryan's attention was not called to any prior utterance showing the existence of bias or feeling against the insured; but after his examination as a witness had been concluded and the defendant had rested, the trial court, over the timely and specific objection of the defendant, permitted the plaintiff to show by the testimony of another witness that on one occasion Ryan had said that he would get even with the insured. The defendant duly excepted to the action of the court and assigned such action as error. We are convinced that this assignment of error is proper and should be sustained. The law is well settled that when it is proposed to discredit a witness, by proof of prior self-contradictory statements, a foundation must be laid by first asking the witness, while on the stand, whether he made the statements which it is intended to prove against him, mentioning to him the time, place, etc. and giving him an opportunity to explain. [Nagel v. St. Louis Transit Co., 104 Mo. App. 438, 79 S. W. 502.] As a matter of principle the same rule should apply to the use of evidence of former utterances of the witness indicating bias, for the same reasons of fairness that require a witness to be given an opportunity of denying or explaining away a supposed self-contradictory utterance require him also to have a similar opportunity to deny or explain away a supposed utterance indicating bias. 2 Wigmore on Evidence, sec. 953, and the weight of authority, including

the only Missouri decision called to our attention, favors the view that the same rule does apply. [30 Am. and Eng. Ency. of Law (2 Ed.), p. 1127; Bates v. Halladay, 31 Mo. App. 162.]

That the error was prejudicial, we have no doubt. The statements of the insured were warranties. [Valleroy v. Knights of Columbus, 135 Mo. App. 574, 116 S. W. 1130.] And if the jury had accepted the testimony of the witness Ryan as true they would necessarily have found that the statements as to drinking and paralysis were false and it would have been their duty to have found for the defendant. His evidence was positive and explicit and was the only testimonial evidence of any value tending to prove the falsity of the statement that the insured was a total abstainer. There was another witness as to the falsity of that statement, but his testimony was weak and unsatisfactory. The acceptability of Ryan's testimony as true depended upon his credibility. It was important that such credibility be not improperly assailed.

For the error we have mentioned the judgment is reversed and the cause remanded. *Reynolds, P. J.,* concurs; *Nortoni, J.,* not sitting.